IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KZ FOREVER, LLC, a Delaware    :
limited liability company,       :     C.A. No. K16A-02-001 WLW
                            :     Kent County
      Petitioner,         :
                            :
    v.                :
                            :
CITY OF DOVER CITY COUNCIL, :
                            :
      Respondent.       :

Submitted: September 6, 2016
Decided: November 9, 2016

**ORDER**

Upon a Petition for Writ of Certiorari to
Reverse an Order by City of Dover City Council.
*Order Reversed.*

Tasha Marie Stevens, Esquire of Fuqua Yori & Willard, P.A., Georgetown, Delaware; attorney for Petitioner.

William W. Pepper, Sr., Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorney for Respondent.

WITHAM, R.J.

Petitioner KZ Forever, LLC ("KZ") has filed a petition for a writ of certiorari, asking this Court to reverse an order by the Respondent City of Dover City Council (the "Council") that declared the Petitioner's property dangerous and mandated its demolition.

The central question in this case is whether the City of Dover's ordinances permit it to order the demolition of an allegedly dangerous building without also issuing written findings of fact and a written order.

Because the Council proceeded irregularly when it failed to issue a written order or make written findings of fact, the Council's order is **REVERSED**.

## FACTUAL BACKGROUND

This proceeding in certiorari arises from attempts by the City of Dover to repair or demolish a property located at 2 South Queen Street in Dover, Delaware.

The property was purchased by the Petitioner in February 2015 and had a checkered code enforcement history. Several months after the property was sold, city official condemned it because of a number of violations.

After a long string of inspections and correspondence, the code enforcement officer sent a violation letter to the Petitioner on November 5, 2015. The violation letter attached a list of code violations and required a follow-up inspection by November 19. For each identified code violation, the letter provided a "corrective action required" to bring the property to code.

Ann Marie Townshend, Director of Planning and Community Development for the City of Dover, sent a separate notice to the Petitioner the next day. Attached to

her letter was the code violation letter and the list of violations. In Ms. Townshend's letter, she warned the Petitioner that the property was "found to be in violation of the Dangerous Building Ordinance of the City" and identified the grounds upon which the building was alleged to be dangerous.

Ms. Townshend's letter notified the Petitioner that it was to complete three items by November 19. The three required items were (1) submission of a renovations permit application along with a structural engineer's report and recommendations; (2) an electrical inspection; and (3) payment of all fees, citations, and taxes. The letter also informed the Petitioner of its right to appeal by filing a notice of appeal within five days of receipt.

On November 17, nine days after the notice was received (and by then beyond the five-day period for appeal), Zionna Adamolekun, a member of KZ, sent a letter to Ms. Townshend on behalf of the Petitioner. In the letter, Ms. Adamolekun acknowledged having received the notice and indicated that the items would not be completed by November 19. She asked to be given ninety days to complete the tasks.

After an inspection by the City revealed that no repairs had been made, Ms. Townshend sent a notice to the Petitioner dated November 24. The letter noted that the matter would be presented to the Council at a hearing on December 9 and that the Petitioner could state its case at the hearing "as to why the house should not be declared dangerous and ordered demolished, including why an extension should be provided to allow repairs."[1]

---

[1] Resp't's App. B-39.

3

On December 9, 2015, the Council held the public hearing on the violation. Ms. Townshend spoke and presented the property's history. Ms. Adamolekun spoke and explained, among other things, that she had not received many of the notices sent before November and had difficulty communicating with the city despite several attempts. She also questioned whether Ms. Townshend was qualified to perform property inspections and asked for the city to give her "breathing room" to address the property issues.

The Council voted to give the Petitioner an additional fifteen days to provide the staff with estimates, placing the matter on the agenda for the January 11, 2016 Council meeting. Before the next Council meeting, the Petitioner submitted a copy of the structural engineering report, two proposals from building contractors, and a receipt from an electrical contractor.

At the January 11 Council meeting, Ms. Townshend discussed the Petitioner's submissions. According to Ms. Townshend's testimony, the City Building Inspector reviewed the submissions and found the structural engineering report to be incomplete because it addressed only some of the identified issues. As for exterior issues, the proposals were for repairs that would not bring the building up to code.

Ultimately, Ms. Townshend recommended:

1) Declaring the building and all accessory structures on the property dangerous; 2) Ordering the property demolished by February 11, 2016 by the owner or equity owner at their own risk; 3) Ordering the Building Inspector to cause the demolition of the structures if not completed by the owners within 10 days of the date established by City Council; and 4) Ordering the City Manager . . . to cause the cost of demolition to be

4

charged against the land on which the buildings exist as a municipal lien or cause such costs to be added to the tax duplicate as an assessment, or to be levied as a special tax, or to be recovered in a suit at law against the owners.[2]

The Petitioner then testified, which apparently required the Council to suspend its rules because the matter was not a public hearing. The Petitioner stated that she intended to "cure all the defective conditions cited in the Code Enforcement Report" and that she was prepared to complete all of the repairs.[3]

After hearing the Petitioner's testimony, three members of the Council voted to amend the motion to give the Petitioner ninety days to repair or demolish the house, but the amendment failed. Instead, the Council voted simply to adopt the staff recommendation.

Ms. Townshend sent the Petitioner a letter on January 28 indicating that at the hearing the Council had made a number of findings of fact. The letter related that the Council had voted to declare the structure in violation of the City's Dangerous Building Ordinance and to authorize ordering the property to be demolished. According to an email from Ms. Townshend, the letter constituted the Council's written findings of fact and order.

The Petitioner then requested a writ of certiorari, which this Court issued as a matter of course.[4]

---

[2] Resp't's App. B-84.

[3] Resp't's App. B-84–85.

[4] 10 *Del. C.* § 562.

## THE PARTIES' CONTENTIONS

The Petitioner argues that the Council committed legal error by failing to provide substantive notice according to sections 22-384(5) and (6) of the Dover Code of Ordinances, additionally implicating due process concerns. It further contends that the Council failed to create an adequate record by omitting findings of fact or a written order.

The Council responds that the notice complied with the ordinance and due process, or in the alternative that the Petitioner waived the argument when it failed to raise the claim before the Council. The Council created an adequate record, it argues, when the Dover Director of Planning and Community Development sent a letter containing factual findings to the Petitioner.

## STANDARD OF REVIEW

The Court's standard of review on certiorari is limited:

'In Delaware the writ of certiorari is . . . a writ which retains the essential characteristics of the writ at common law.' 'The purpose of the writ is to permit a higher court to review the conduct of a lower tribunal of record,' but 'review on certiorari is on the record and the reviewing court may not weigh evidence or review the lower tribunal's factual findings.' As a result, a reviewing court 'considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or

proceeded irregularly [or] . . . manifestly contrary to law.'[5]

"A decision will be reversed for irregularities of proceedings if the lower tribunal failed to create an adequate record to review."[6]

## DISCUSSION

The Court can detect no due process violation in the notice given to the Petitioner. And the Petitioner has waived any challenge to the notice it did receive by failing to raise its challenge below. But because the Council never issued written findings to support a written order, the proceedings below were irregular and will be reversed.

### *I. There Was No Apparent Due Process Violation.*

There is no basis on which to find a due process violation here. The Petitioner's arguments contain several general references to the due process guarantees of the U.S. and Delaware Constitutions. Those general references are unsupported by any legal analysis, and the record is clear that the Petitioner received notice of the action and appeared at a hearing through one of its members.

To the extent that the Petitioner cites due process standards without actually applying them to the case, the Court is unable to divine its argument. It apparently makes no challenge to the notice and hearing provisions in the Dover Code of

---

[5] *Handloff v. City Council*, 935 A.2d 255 (Table), 2007 WL 2359555, at *2 (Del. 2007) (omissions and alteration in original) (first quoting *Rash v. Allen*, 76 A. 370, 374 (Del. 1910); then quoting *Christiana Town Ctr., LLC v. New Castle Cty.*, 865 A.2d 521 (Table), 2004 WL 2921830, at *2 (Del. 2004); and then quoting *id.*).

[6] *Christiana Town Ctr., LLC*, 2004 WL 2921830, at *2 (citing 1 Victor B. Woolley, *Woolley's Practice in Civil Actions* § 923 (1906)).

Ordinances. Instead, the Petitioner analyzes the Council's actions to see whether they complied with the Code, under the apparent assumption that the ordinances do indeed comport with due process.[7]

Having not been presented with any briefing on the subject, and discerning no obvious argument that the Petitioner was deprived notice and an opportunity to be heard, the Court finds no due process violation.

### II. The Petitioner Waived Its Claims of Insufficient Notice.

The Petitioner waived its ordinance-based notice arguments by failing to raise them below. On certiorari, the Court will not "decide any question that was not raised in the tribunal below."[8]

The Petitioner attempts to point to portions of the transcript to show it raised the claims regarding notice before the Council. Such transcripts are not part of the record in this common law certiorari proceeding.[9] Regardless of whether the Court considers the transcript or the minutes of the Council's meeting, however, the Petitioner did not raise the notice issues below.

The record does reveal that the Petitioner argued to the Council that (1) Ms.

---

[7] This assumption would be well-founded. *See generally Goldstein v. City of Wilmington*, 1986 WL 6586, at \*3 (Del. Super. June 3, 1986) (noting that due process is satisfied where "the sole notice sent to a building owner informs them of a Code violation, the necessity for repairs, and the opportunity to appear at a hearing").

[8] *Jordan v. Town of Milton*, No. S10A-12-005, 2012 WL 5494667, at \*5 (Del. Super. Oct. 31, 2012) (quoting *395 Assocs., LLC v. New Castle Cty.*, No. 05A-01-013, 2006 WL 2021623, at \*4 (Del. Super. July 19, 2006)).

[9] *E.g., Barbour v. Bd. of Adjustment*, No. 92A-05-006, 1992 WL 302292, at \*2 (Del. Super. Sept. 28, 1992).

Townshend was not qualified to conduct building inspections, (2) some of the listed violations were unclear, (3) cosmetic appearance is not enough to mandate demolition, and (4) the notice did not give her enough time to make repairs. But none of these arguments are relevant to the questions of whether the notices contained a statement of particulars as required by the ordinance or were signed by the proper person.

The Petitioner appeared at the hearing and testified about its efforts to comply with the three conditions on the notice letter, demonstrating its awareness of both the action against it and its opportunity to be heard by the Council. All the while, it did not complain of defects in the notice it received. The Petitioner thus waived any argument that the notice did not comply with the city ordinance.

*III. The Council Acted Irregularly by Failing to Issue Written Findings of Fact.*

Analyzing the Council's actions under the Dover Code of Ordinances, the Council's failure to enter written findings or issue a written order resulted in an irregularity that mandates reversal.

Chapter 22 of the Dover Code of Ordinances describes the process that the City will follow in the event it deems a building dangerous. The Code lays out categories of defect that render a building dangerous, including: "[l]eaning interior walls," "[d]amaged walls," "[l]oads on roofs," "[f]ire damage," lack of fitness for habitation, "[l]ight, air, [and] sanitation," "[f]ire escapes," "[l]oose parts," "[g]eneral welfare," "[c]ode violations," "[d]rug sales, use, etc.," "[u]noccupied buildings," or

"[i]ncomplete buildings."[10]

A building becomes dangerous enough to warrant demolition when it "is 50 percent damaged, decayed or deteriorated from its original value or structure."[11] Likewise, a building may be demolished where repairs will be ineffective to bring it up to code, or when it is "existing . . . in violation of the terms of this article or any ordinance of the city."[12]

At a hearing regarding the demolition of a building, the building inspector and interested parties must be able to offer testimony.[13] At the conclusion of the hearing, the council must make written findings of fact "as to whether or not the building in question is a dangerous building within the terms of section 22-381."[14]

In addition to the written findings of fact, the council must "[i]ssue an order based upon [the] findings of fact . . . commanding" the interested parties "as shown in the land records of the recorder of deeds of the county, to . . . demolish any building found to be a dangerous building within the terms of this article, setting the time within which said building shall be . . . demolished . . . ."[15]

As for findings of fact, the motion voted upon by the Council was insufficient to meet the standard imposed by the ordinance. The Council adopted the staff

---

[10] City of Dover Code of Ordinances § 22-381.

[11] *Id.* § 22-382(3).

[12] *Id.*

[13] *Id.* § 22-385(2).

[14] *Id.* § 22-385(3).

[15] *Id.* § 22-385(4).

recommendations in their entirety, summarily declaring the property dangerous and ordering its demolition. But it needed to make specific factual findings after the testimony was heard regarding what made the building dangerous. And those factual findings needed to be made in writing by action of the Council, not days afterward by unilateral action of an individual city staff member. The Council did not craft or vote on any factual findings, much less reduce them to writing. Absent such written factual findings by the Council, this Court does not have a sufficient record from which to review the Council's final action.

As for the ordinance's requirement that the Council issue a demolition order, the Council appears to have followed the correct *voting* procedure to order the demolition by a specified date. But the Council failed to reduce the order to writing. A later-written letter by a staff member again does not suffice as an order of the Council. The omission of a written order also mandates reversal.

## CONCLUSION

The proceedings below were irregular because the Council failed to comply with the ordinance requiring written findings of fact to support a written order. The Council's order of January 11, 2016 is thus **REVERSED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

11